**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS – EL PASO DIVISION**

| | | |
|---|---|---|
| **AIRWAY BLVD MANAGEMENT, LLC,** *Plaintiff,* | § | |
| **vs.** | § | **CIVIL ACTION NO.3:25-cv-56** |
| **LINEAGE LOGISTICS HOLDINGS, LLC, LINEAGE LOGISTICS, LLC, and LINEAGE LOGISTICS SERVICES, LLC,** ***Defendants.*** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Airway Blvd Management, LLC respectfully comes before this Court and asserts the following factual allegations and causes of action against Defendants Lineage Logistics Holdings, LLC ("LLH"), Lineage Logistics, LLC, and Lineage Logistics Services, LLC (hereinafter referred throughout this document by name or collectively as Lineage Logistics).

## I. INTRODUCTION

1. **Where's The Beef?** Lineage Logistics operates a large cold storage facility in El Paso. This case stems from a bailment agreement with Florence Cattle Group, LLC (hereinafter referred to as "Florence") for high end beef storage. Due to gross mismanagement and the failure to properly secure the valuable beef, almost $4,000,000 in steaks were lost, including ultra-premium Chianina, Red Angus, and Wagyu.

## II. PARTIES

2. Plaintiff Airway BLVD Management, LLC (hereinafter referred to as "Airway") is a Texas Limited Liability Company and the owner of the liability claims that are the subject of this lawsuit.

3. Defendant Lineage Logistics Holdings, LLC ("LLH") is a Delaware corporation with its principal office located at 46500 Humboldt Drive, Novi, Michigan 48377. Lineage Logistics Holdings, LLC ("LLH") has not designated an agent for service of process in Texas and may be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701.

4. Defendant Lineage Logistics, LLC is a Delaware corporation with its principal office located at 46500 Humboldt Drive, Novi, Michigan 48377. Defendant Lineage Logistics, LLC may be served with process via its designated registered agent for service of process in Texas, Corporation Service Company dba CSC – Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

5. Defendant Lineage Logistics Services, LLC is a Delaware corporation with its principal office located at 46500 Humboldt Drive, Novi, Michigan 48377. Defendant Lineage Logistics Services, LLC may be served with process via its designated registered agent for service of process in Texas, Corporation Service Company dba CSC – Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## III. JURISDICTION AND VENUE

6. The Plaintiff contends the Court has diversity jurisdiction under 28 U.S.C. § 1332 over this lawsuit because the parties are citizens of diverse states and the amount in controversy exceeds $75,000.00.

7. This Court is the proper venue to hear this lawsuit pursuant to 28 U.S.C. § 1391(b)(2). The events giving rise to this lawsuit occurred in El Paso County, Texas.

## IV. FACTS

8. Lineage Logistics is a global company with over 26,000 employees and more than 480 warehouses in eighteen (18) different countries. Lineage Logistics is the world's largest temperature-controlled warehouse real estate investment trust (REIT), grossing nearly $5.3 billion in sales revenue in 2023. According to Lineage Logistics' SEC filings, LLH is the primary operating subsidiary. According to El Paso property records, Lineage Logistics, LLC and Lineage Logistics Services, LLC are owners of the property on which the beef at issue was stored.

9. Peter Koplos is a co-owner and principal of Plaintiff, Airway. Mr. Koplos previously co-owned and operated Florence. Florence entrusted its beef to Lineage Logistics and paid for its safe and secure storage until and unless an authorized agent of Florence executed the removal of the beef.

10. Mitch Morgan and Kevin Huckabee also served as authorized agents of Florence throughout the events leading to this litigation.

11. Due to the loss of the beef at issue in this case, Florence eventually filed for Chapter 7 bankruptcy.

12. Airway then purchased the rights from the bankruptcy trustee to any liability claims that Florence had stemming from the loss of the beef against Lineage Logistics. This purchase was approved by the bankruptcy court.

13. From November 6, 2020 to June 10, 2021, Florence sent shipments of beef for storage at Lineage Logistics' storage facility in El Paso, Texas. For each of these shipments, Florence

provided Lineage Logistics with Bills of Lading, which included the specific amounts and types of beef.

14. On or about January 18, 2022, Lineage manager Mr. Romero held a meeting with Florence representatives Kevin Huckabee and Bryan Weirson, where Mr. Romero admitted to the unauthorized removal of a small amount of Florence's beef and offered to compensate them for what he removed.

15. During this meeting, Mr. Romero represented that Lineage Logistics' El Paso location storage facility had very poor record keeping of Florence's beef.

16. Mr. Romero then paid $950.00 for the beef he removed.

17. On or about April 22, 2022, representatives of Florence met with Meghan Kuykendall, the new manager of the Lineage Logistics El Paso storage facility location, to determine the location and the amount of their stored beef.

18. Present for this meeting were the following individuals and their affiliations: Meghan Kuykendall; Peter Koplos, an owner of Florence; Mitch Morgan, an authorized representative of Florence; Bryan Weirson, accountant for Florence; and Kevin Huckabee, an owner of Florence.

19. During this meeting, Ms. Kuykendall informed them that based on her examination of the warehouse, Florence beef was likely missing. Together, they then looked for the beef that was placed by Florence into the possession of Lineage for storage.

20. During the walk through, Ms. Kuykendall exhibited remorse for any missing beef. She stated, "… the company is willing to eat any claims that we need to. We want to make it right."

21. When asked why Lineage Logistics did not have scanners at the facility to track and authenticate authorized individuals removing beef, she responded, "We don't have scanners

actually. That would be good. Most of our facilities do have, scanners. El Paso's just not a big enough site."

22. Ms. Kuykendall indicated as she realized that it was a large amount of merchandise that was missing, that Lineage Logistics was at fault for any missing beef.

23. As they examined the warehouse together, Ms. Kuykendall agreed that it was shocking that the El Paso Lineage location did not know where any of the beef was.

24. On or about April 22, 2022, Florence's accountant, Bryan Weirson began an audit to determine what beef deposits may be missing around the time.

25. Mr. Weirson completed his audit within a few months after the meeting and prepared a Microsoft excel spreadsheet detailing the Florence shipments' Bills of Lading, pallets, discrepancy in inventory count, removals (pulls), and total cost of the beef that went missing.

26. In completing this audit, Mr. Weirson determined there were approximately 1,959 cases of beef which went missing. Based on the type and amount of beef, it was calculated that its value was $3,892,660.39.

27. Due to the beef going missing, Florence had to cancel numerous lucrative beef orders, causing Florence to file for bankruptcy.

## V. CAUSES OF ACTION

*Count 1: Breach Contract*

28. Plaintiff incorporates the preceding paragraphs by reference.

29. Florence entered into oral, express bailment agreements with Lineage Logistics to safely store, secure and preserve Florence's beef until and unless an authorized representative of Florence removed the beef.

30. Lineage Logistics then breached its bailment agreements with Florence, by neglecting to preserve and keep secure the missing beef at issue. Lineage Logistics acknowledged and accepted the missing beef was no longer located at the El Paso Lineage Logistics storage warehouse in breach of Lineage Logistics' contractual duties under the bailment agreements.

31. Florence lost $3,892,660.39 of missing beef product due to Lineage Logistics' failure to satisfy its bailment agreements and keep secure the missing beef to be turned over on request.

*Count 2*: *Negligence of Lineage Logistics for Breach of Bailment for Mutual Benefit*

32. Plaintiff incorporates the preceding paragraphs by reference.

33. Lineage Logistics had a duty to secure and preserve Florence's beef, which was delivered to Lineage Logistics' El Paso facility by Florence for the purpose of the beef's safe and secure storage, until and unless an authorized representative of Florence removed the beef.

34. Lineage Logistics breached its duty to secure and preserve the beef when the beef went missing.

35. Because Lineage Logistics was not able to return the missing beef in this case to its owner, or owner's successor, there is a rebuttable presumption and a prima facie case for the negligence of Lineage Logistics under Texas law.

36. As a direct and proximate result of Lineage Logistics' breach of its duties, Plaintiff suffered damages in an amount to be determined at trial.

*Count 3*: *Gross Negligence*

37. Plaintiff incorporates the preceding paragraphs by reference.

38. Lineage Logistics owed duties of care to the Plaintiff.

39. Lineage Logistics knew that neglecting to have a more reliable inventory tracking system at its El Paso storage facility and retaining extremely dysfunctional staff created a high likelihood

of Lineage Logistics losing track of or other loss of the beef. The acts or omissions of Lineage Logistics, when viewed objectively from the Defendants' standpoint at the time the acts or omissions occurred involved an extreme degree of risk considering the probability and magnitude of the potential harm to others, including Florence and Airway. Defendants had actual, subjective awareness of the risks but proceeded with conscious indifference to the rights, safety, or welfare of others, including the Plaintiff. As a direct and proximate result of Defendants' breach of duties, Plaintiff suffered injuries in an amount to be determined at trial. Accordingly, Defendants are liable for gross negligence and corresponding exemplary damages.

## VI. DAMAGES

40. As a direct and proximate result of the breach of contract (bailment), negligence and gross negligence of Lineage Logistics, Plaintiff Airway BLVD Management, LLC is entitled to the following damages:

a. Compensatory damages;

b. Consequential damages;

c. Incidental damages;

d. Liquidated damages;

e. Restitution;

f. Attorney fees;

g. Loss of credit reputation; and

h. Punitive damages.

41. Plaintiff also seeks exemplary damages due to the Defendants' gross negligence. Plaintiff seeks monetary relief over $1,000,000.00.

## VII. JURY DEMAND

42. Plaintiff demands a trial by jury.

## VIII. PRAYER

43. Plaintiff prays that Defendants be cited according to law to appear and answer herein, and that upon final trial, Plaintiff have judgment against Defendants, jointly and severally, as follows:

a. an award of actual damages as outlined above;

b. an award of exemplary damages;

c. an award of pre-judgment interest;

d. an award of post-judgment interest;

e. attorney's fees; and

f. any other relief the Court determines is just under the circumstances.

Respectfully submitted,

**ML FIRM**
4301 Westbank Drive, Suite B270
Austin, Texas 78746
Phone: (512) 330-9001 | Fax: (512) 330-9005
Email: Jeffm@mlfirm.com

By: ____________________________
JEFF M. MEYERSON
00788051
*Attorney for Plaintiff*